UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CASE NO.:

XZEQUIEL MONTALVO,

    Plaintiff,

v.

NEW CENTURY BUFFET OF CLERMONT, INC.,
a Florida Corporation,
HUA GUANG WENG, individually,

    Defendants.
_____/

## COMPLAINT

Plaintiff, XZEQUIEL MONTALVO ("Montalvo"), under the provisions of the Fair Labor Standard Act ("FLSA") of 1938, as amended, 29 U.S.C. § 216(b), files this Complaint against Defendants, NEW CENTURY BUFFET OF CLERMONT, INC. ("New Century") and HUA GUANG WENG ("Weng") individually, and alleges, as follows:

### PARTIES, JURISDICTION, AND VENUE

1. This Court has subject matter jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. §§ 1331 and 1343(4), because these claims seek redress for violations of Plaintiff's federal civil and statutory rights.

2. At all material times, New Century is, and was, a Florida corporation, authorized to conduct and conducting business in Lake County, Florida.

3. At all material times, Weng, is *sui juris* and a resident of Lake County, Florida.

4. At all material times, Montalvo, is *sui juris* and a resident of Lake County, Florida.

5. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. §§ 1391(b) and (c) as a substantial part of the events or omissions giving rise to the claims that occurred in this judicial district.

6. This is an action for unpaid overtime and minimum wage compensation, as well as an additional amount as liquidated damages, costs and reasonable attorney's fees pursuant to the FLSA, §§ 206, 207.

7. Upon information and belief, the annual gross revenue of New Century was at all times material hereto, in excess of $500,000.00 per annum.

8. At all material times hereto, New Century was and continues to be an enterprise engaged in interstate commerce.

9. At all material times hereto, New Century operated as an organization which purchased equipment and products manufactured outside the state of Florida; provided services to or sold, marketed, or handled goods and materials to customers throughout the United States; provided services for goods sold and transported from across state lines; obtained, solicited, and accepted funds from sources outside the state of Florida; used telephonic transmissions traversing state lines in the ordinary course of business; transmitted funds outside the state of Florida; and otherwise regularly engaged in interstate commerce.

10. As a result of the services provided by New Century, two or more of its employees regularly handled and worked with goods and materials moved in or produced in interstate commerce.

11. By reason of the foregoing, New Century is and was, during all times material hereto, an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §§ 203(r)-(s), and Plaintiff is within interstate commerce.

12. Plaintiff regularly utilized and handled materials, equipment and goods manufactured and purchased from outside the state of Florida and regularly used the instrumentalities of interstate commerce in their world.

13. Upon information and belief, Weng is the president of New Century and has economic and day-to-day control of New Century, and of the nature and structure of Plaintiff's employment relationship with New Century and is therefore an employer as defined by 29 U.S.C. § 203(d).

## GENERAL ALLEGATIONS

14. Upon information and belief, New Century employed Plaintiff for approximately three (3) years from 2015 through 2017 ("the relevant time period").

15. During the relevant time period, Plaintiff was employed as a non-exempt Cook initially paid $1,700 per month, then later increased to $2,200 per month.

16. At all material times, New Century's gross annual revenues were in excess of $500,000.00

17. Throughout his employment with New Century, Plaintiff routinely worked for New Century for a total of seventy-eight (78) hours per week, forty (40) regular hours and thirty-eight (38) overtime hours.

18. Notwithstanding, Plaintiff initially received $5.45 per hour, then $7.05 per hour for all hours worked by him each month. Defendants failed/refused to pay to Plaintiff the required minimum and overtime wages as required by the FLSA, and Florida law.

19. Defendants willfully and intentionally failed/refused to pay to Plaintiff the federally required minimum and overtime wages for all hours he worked over forty (40).

20. Defendants knew of the minimum and overtime requirements of the FLSA and willfully/intentionally/recklessly failed to investigate whether its payroll practices were in accordance with the FLSA.

21. As a result, Plaintiff has suffered damages and is entitled to receive overtime and minimum wage compensation.

22. Plaintiff has complied with all conditions precedent to filing this action.

23. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

## PRE-SUIT DEMAND

24. On May 31, 2019, Plaintiff through his undersigned counsel, sent to New Century a written pre-suit demand regarding the violations of the minimum wage and overtime provisions of the FLSA, and requesting that they pay the amounts owed to Plaintiff, but New Century failed/refused to do so ("Demand").

## COUNT I
## VIOLATIONS OF THE OVERTIME PROVISIONS OF THE FLSA
## AGAINST NEW CENTURY

25. Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-four (24) above.

26. This is an action against New Century for overtime compensation pursuant to 29 U.S.C. § 216(B).

27. Plaintiff routinely worked in excess of forty (40) hours per week for New Century.

28. Specifically, Plaintiff estimates that he worked for New Century for a total of seventy-eight (78) hours per week, forty (40) regular hours and thirty-eight (38) overtime hours.

4

29. Plaintiff was a non-exempt hourly employee, entitled to the Florida minimum wage and to be compensated at the rate of one and one-half his regular rate for all hours worked in excess of forty (40) hours per week.

30. Defendant knew or should have known that Plaintiff suffered or was permitted to work overtime for New Century as defined in 29 U.S.C. § 203 (g).

31. New Century failed and/or refused to compensate Plaintiff for such work in excess of forty (40) hours at rates no less than one and one-half times the regular rates, for which he was employed, contrary to the provisions of 29 U.S.C. § 207 (a).

32. At all material times, New Century knew or should have known that such refusal and/or failure is prohibited by the FLSA.

33. Notwithstanding, New Century intentionally and willfully violated the FLSA, as cited herein.

34. At all material times, New Century failed/refused to maintain proper time records as mandated by the FLSA regarding the overtime hours worked by Plaintiff.

35. As a result, Plaintiff has been damaged and is entitled to be compensated for his loss.

## COUNT II
## VIOLATIONS OF THE OVERTIME PROVISIONS OF THE FLSA AGAINST WENG

36. Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-four (24) above.

37. This is an action against Weng for overtime compensation pursuant to 29 U.S.C. § 216(B).

38. Plaintiff routinely worked in excess of forty (40) hours per week for Weng.

39. Specifically, Plaintiff estimates that he worked for Weng for a total of seventy-eight (78) hours per week, forty (40) regular hours and thirty-eight (38) overtime hours.

40. Plaintiff was a non-exempt hourly employee, entitled to the Florida minimum wage and to be compensated at the rate of one and one-half his regular rate for all hours worked in excess of forty (40) hours per week.

41. Defendant knew or should have known that Plaintiff suffered or was permitted to work overtime for Weng as defined in 29 U.S.C. § 203 (g).

42. Weng failed and/or refused to compensate Plaintiff for such work in excess of forty (40) hours at rates no less than one and one-half times the regular rates, for which he was employed, contrary to the provisions of 29 U.S.C. § 207 (a).

43. At all material times, Weng knew or should have known that such refusal and/or failure is prohibited by the FLSA.

44. Notwithstanding, Weng intentionally and willfully violated the FLSA, as cited herein.

45. At all material times, Weng failed/refused to maintain proper time records as mandated by the FLSA regarding the overtime hours worked by Plaintiff.

46. As a result, Plaintiff has been damaged and is entitled to be compensated for his loss.

### COUNT III
### VIOLATIONS OF THE MINIMUM WAGE PROVISIONS OF THE FLSA AGAINST NEW CENTURY

47. Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-four (24) above.

48. The FLSA requires that New Century pay Plaintiff a required minimum wage per hour, 29 U.S.C. § 206(a). The FLSA requires that New Century, have a regular pay period and make reasonably prompt payments in issuing pay for the work performed in the pay period.

49. New Century knew of and showed reckless disregard for the provisions of the FLSA because New Century knew or should have known that Plaintiff's wages did not amount to a lawful minimum wage in Florida considering his seventy-eight (78) hours worked each week.

50. New Century willfully and intentionally failed to pay Plaintiff his minimum wages by making the conscious decision to pay Plaintiff a salary which failed to compensate Plaintiff at the applicable minimum wage.

51. New Century did not have a reasonable objective belief that it was not required to pay Plaintiff's minimum wages.

52. As a result, Plaintiff has been damaged and is entitled to be compensated for his loss.

### COUNT IV
### VIOLATIONS OF THE MINIMUM WAGE PROVISIONS OF THE FLSA AGAINST WENG

53. Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-four (24) above.

54. The FLSA requires that Weng pay Plaintiff a required minimum wage per hour, 29 U.S.C. § 206(a). The FLSA requires that Weng, have a regular pay period and make reasonably prompt payments in issuing pay for the work performed in the pay period.

55. Weng knew of and showed reckless disregard for the provisions of the FLSA because Weng knew or should have known that Plaintiff's wages did not amount to a lawful minimum wage in Florida considering his seventy-eight (78) hours worked each week.

56. Weng willfully and intentionally failed to pay Plaintiff his minimum wages by making the conscious decision to pay Plaintiff a salary which failed to compensate Plaintiff at the applicable minimum wage.

57. Weng did not have a reasonable objective belief that it was not required to pay Plaintiff's minimum wages.

58. As a result, Plaintiff has been damaged and is entitled to be compensated for his loss.

## PLAINTIFF'S DEMAND FOR JURY TRIAL

59. Plaintiff hereby demands a jury trial of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Xzequiel Montalvo, respectfully requests that judgment be entered in his favor against Defendants New Century and Hua Guang Weng, as follows:

(a) Declaring pursuant to 29 U.S.C. § 206(a), 28 U.S.C §2201 and §2202, that the acts and practices of the Defendants complained of herein are in violation of the minimum and overtime wages provisions of the FLSA;

(b) Permanently enjoining the Defendants, their agents, officers and employees from engaging in all practices found by this court to be in violation of the minimum and overtime wages provisions of the FLSA;

(c) Awarding Plaintiff damages against Defendants, for lost and withheld compensation, minimum wages, and overtime wages compensation for all hours that he worked for Defendants over forty (40) hours per week, but for which he was not compensated at the required minimum and overtime rate;

(d) Awarding Plaintiff liquidated damages;

(e) Awarding Plaintiff reasonable attorney's fees, costs, interest, and expenses of this litigation pursuant to 29 U.S.C. §216(b);

(f) Ordering any other further relief that this Court may deem just and proper.

Respectfully submitted this 21st day of June 2019.

By: /s/ Monica Espino
Monica Espino, Esq.
Florida Bar No. 834491
Espino Law
2655 S. Le Jeune Road
Suite 802
Coral Gables, FL 33134
Tel.: 305.704.3172
Fax: 305.722.7378
Email: me@espino-law.com
Secondary: legal@espino-law.com
*Counsel for Plaintiff*