UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CASE NO.: 5:19-CV-303-JSM-PRL

XZEQUIEL MOTALVO ,

    Plaintiff,

v.

NEW CENTURY BUFFET OF CLERMONT INC.,
a Florida Corporation,
and, WENG HUA GUANG, individually

    Defendants.
_____/

## JOINT MOTION FOR APPROVAL OF PARTIES' FLSA SETTLEMENT AGREEMENT

Plaintiff, Exequiel Montalvo, and Defendants, New Century Buffet of Clermont, Inc and Weng Hua Guang, (Collectively, the "Plaintiff" and "Defendants" referred to as the "Parties"), by and through their respective undersigned counsel, file this Joint Motion for Approval of the Parties' FLSA Settlement Agreement and Dismissal with Prejudice and respectfully state as follows:

1. Plaintiff filed the instant action seeking to recover unpaid overtime and other relief allegedly due pursuant to the Fair Labor Standards Act, 29 USC 201 et seq. (the "FLSA").

2. The Defendants deny that they violated the FLSA in any respect.

3. The parties stipulate that they have resolved their disputes pursuant to a confidential settlement agreement. The parties further stipulate that Plaintiff has been paid in full and there has not been a compromise.

4. In the Eleventh Circuit, in order to ensure that the employer is relieved of liability, a compromise of an FLSA claim must either be supervised by the Secretary of Labor or must be approved by the District Court. *Lynn's Food Stores, Inc v. United States*. 678 F 2d. 1350 (11th Circuit 1982). To approve the settlement the Court should determine that the compromise is fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Id.* See also *Sneed v. Sneed's Shipbuilding, Inc.,* 545 F. 2d 537, 59 (5th Cir. 1977).

However, where the parties submit a stipulation stating that the plaintiff's claims will be paid in full, without compromise, there is no need for the Court to review the settlement. *See Mackenzie v. Kindred Hosps. E., LLC*, 276 F. Supp. 2d 1211, 1217 (M.D. Fla. 2003) (noting that *Lynn's Food* "addresses judicial oversight of 'compromises' of FLSA claims. . . . There is no need for judicial scrutiny where, as here, Defendants represent that they have offered the plaintiff more than full relief, and the plaintiff has not disputed that representation."). Thus, "[i]f judicial scrutiny confirms that the parties' settlement involves no compromise [of the employee's claim], the district court should approve the settlement and dismiss the case (if the employer has paid) or enter judgment for the employee (if the employer has not paid)." *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1350 (M.D. Fla. 2010) (quoting *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1247 (M.D. Fla. 2010)). *Kenny v. Critical Intervention Servs., Inc.*, Case No: 8:18-cv-2231-T-36JSS, at *1 (M.D. Fla. May. 22, 2019).

5. Accordingly, the parties request that the Court approve the confidential settlement agreement negotiated and entered into by them, a copy of which will be submitted to the Court via email, with permission by the Court, for an *in-camera* inspection contemporaneously with the filing of this Motion.

6. Per the Agreement, the parties "stipulate and agree that [ the confidential settlement agreement reached between them] is fair and reasonable settlement of Plaintiff's claims for damages in this lawsuit."

7. The parties hereby confirm that the confidential settlement agreement reached between them includes the terms and conditions of the parties' settlement.

8. The Parties have reached a settlement to avoid risks and additional expenses associated with continued litigation of this matter, including trial. Counsel have zealously represented their clients' respectively interests and have negotiated a settlement that is acceptable to Plaintiff and Defendants. Plaintiff's attorney's fees were agreed upon separately and without regard to the amount paid to Plaintiff, and the amount paid to Plaintiff will not be compromised by the amount allocated towards Plaintiff's attorney's fees and costs.

9. Counsel for Plaintiff stipulates that the amount recovered in attorney's fees and costs is fair and reasonable, and that she accepts this in full satisfaction of the attorney's fees and costs incurred to date on the Plaintiff's behalf.

10. The parties further state that there was no undue influence, overreaching, collusion or intimidation in reaching in reaching the settlement agreement.

11. As part of the confidential settlement reached between the parties, Plaintiff has agreed to the dismissal of this action with prejudice with each party to bear its own fees and costs, except as provided for the confidential settlement agreement negotiated and entered into by the parties, upon approval by the Court.

12. The parties stipulate to the dismissal with prejudice of this action upon approval by the Court of the Confidential Settlement Agreement negotiated and entered into by them.

13. A proposed order is attached hereto.

WHEREFORE, the parties respectfully request that this Court enter the attached Proposed Order: (i) approving the confidential settlement agreement negotiated and entered into by the parties;(ii) dismissing with prejudice the claims made by Plaintiff against Defendants in this action with the parties to bear their own fees and costs, except as provided for in the confidential settlement agreement entered into by the parties; (iii) retaining jurisdiction over enforcement of the settlement; (iv) denying as moot all pending motions; and(v) awarding such other relief deemed just and proper.

Respectfully Submitted on this 7th day of November 2019

By: <u>Monica Espino, Esq</u>
Monica Espino, Esq
Florida Bar No.834491
Espino Law, P.L
2655 S. Le Jeune Road Suite 802
Coral Gables, FL 33134
Ph:305-704-3172
Email: me@espino-law.com
Counsel for Plaintiff

By: <u>Don McManus, Esq</u>
Don McManus, Esq
Florida Bar No. 91190
Law Offices of Don McManus, PL
7651-A Ashley Park Court Suite 403
Orlando, FL 32835
Ph:407-505-5888
Email: <u>donmcmanusEsq@gmail.com</u>
Counsel for Defendants

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 7th, 2019. I electronically filed the foregoing with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served electronically on all counsel of record.

By: <u>/s/ Monica Espino</u>
Monica Espino, Esq. FBN. 834491
Espino Law
2655 S. Le Jeune Road Ste 802
Coral Gables, FL 33134
Tel.: 305.704.3172
Email: <u>me@espino-law.com</u>
*Counsel for Plaintiff*